IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS SCOTT CHOATE,                                  CV. 07-315-KI

                Petitioner,                      OPINION AND ORDER

     v.

GARY KILMER,

                Respondent.

Thomas J. Hester
Assistant Federal Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Attorney-In-Charge
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

        Attorney for Respondent

KING, Judge

      Petitioner, an inmate at the South Fork Forest Camp, brings

this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

the reasons set forth below, the petition is denied as untimely.

1 -- OPINION AND ORDER

**BACKGROUND**

On July 8, 2002, petitioner was convicted of Possession of a Controlled Substance, Identity Theft (two counts), Theft in the First Degree (four counts), and Theft by Receiving.  The latest date on which a judgment was entered into the court registry on these convictions is August 20, 2002.

Petitioner did not file a direct appeal.  Approximately one year later, on September 11, 2003, petitioner signed a petition for post-conviction relief.  On August 17, 2004, the trial court denied post-conviction relief.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  The appellate judgment issued on January 11, 2006.  Over one year later, on February 16, 2007,[1] petitioner filed the instant proceeding.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  The Ninth Circuit has opined that the limitation period

---

[1] For purposes of this opinion, I have used the date petitioner signed his state post-conviction petition and federal habeas petition as opposed to the dates the courts ultimately received them for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2008).

may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a timely petition. Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 & 5 (9th Cir. 2008), cert. denied, 129 S.Ct. 397 (2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), amended on reh'g, 447 F.3d 1165 (9th Cir. 2006), cert. denied, 127 S.Ct. 979 (2007); see also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).  The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'"  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).

     The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing.  Miranda, 292 F.3d at 1065; Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Gaston, 417 F.3d at 1034.  If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstance and the failure to file is broken. Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (cited with approval in Spitsyn, 345 F.3d at 802); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In the instant proceeding, petitioner concedes that his petition is untimely. However, petitioner argues that the limitation period should be equitably tolled because he was not advised of his right to file a direct appeal. Petitioner reasons that, had he filed a direct appeal, the limitation period would have been tolled during its pendency thereby extending the time to file a habeas petition in this court.[2]

The flaw in petitioner's analysis is that the alleged failure to advise petitioner of his right to file a direct appeal did not render it impossible for petitioner to file a timely *federal* habeas petition. Rather, as petitioner concedes, he simply lost the opportunity for tolling. Petitioner offers no basis for concluding that there was an independent impediment which prevented him from filing a timely federal habeas petition. Moreover, even if petitioner was given the benefit of tolling during the period in which a direct appeal could have been filed and pending, he waited over one year after the conclusion of his state *post-conviction proceeding* to file his habeas petition. In short, petitioner has failed to demonstrate that he acted with

---

[2] In his *pro se* petition, petitioner also argues that equitable tolling is warranted because his son was killed in April, 2003, and due to his institutional transfers and work assignments. Counsel did not pursue these grounds on behalf of petitioner. In any event, these factors do not support equitable tolling due to the absence of any showing that petitioner exercised reasonable diligence under the circumstances.

reasonable diligence after the occurrence of the "extraordinary circumstance".  Accordingly, petitioner's habeas petition is denied as untimely.

<u>**CONCLUSION**</u>

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED as untimely, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this ___11th___ day of December, 2008.

___/s/ Garr M. King_____
Garr M. King
United States District Judge